IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JDS TWO, LLC                              )
                                          )          No. 3-12-0349
v.                                        )
                                          )
RON SAPP; and THOMAS KEATING              )


# R E P O R T   A N D   R E C O M M E N D A T I O N

## I. BACKGROUND

The plaintiff JDS Two, LLC filed this diversity action on April 5, 2012, seeking judgment against defendants Ron Sapp and Thomas Keating under guaranty notes to satisfy a $400,000.00 loan made by the plaintiff to Alpha, LLC in November of 2009. The initial case management conference was originally scheduled on May 21, 2012, see Docket Entry No. 3, but was continued, upon plaintiff's request, to June 21, 2012. See Docket Entry Nos. 5 and 7.

Prior to the June 21, 2012, scheduled initial case management conference, the plaintiff filed an application for entry of default against both defendants pursuant to Rule 55(a) of the Federal Rules of Civil Procedure (Docket Entry No. 11) since neither defendant had filed a response to the complaint after having been properly served.[1] The Clerk entered default against both defendants on June 18, 2012 (Docket Entry No. 13).

No appearance was made on behalf of either defendant on June 21, 2012. By order entered June 21, 2012 (Docket Entry No. 15), the initial case management conference was again continued to August 29, 2012. However, the order also provided that the plaintiff intended to file a motion for default judgment by July 9, 2012, if the defendants had not taken any action before that time.

---

[1] See Docket Entry Nos. 4 and 8.

On July 9, 2012, the plaintiff filed a motion for default judgment against both defendants (Docket Entry No. 19). However, on July 10, 2012, defendant Keating finally filed an answer (Docket Entry No. 20). By order entered July 30, 2012 (Docket Entry No. 24), the motion for default judgment was referred to the Magistrate Judge.

No appearance was made on behalf of either defendant on August 29, 2012, but the plaintiff's proposed initial case management order was entered on September 4, 2012 (Docket Entry No. 28), with modifications addressed in the contemporaneously entered order (Docket Entry No. 29). By order entered September 4, 2012 (Docket Entry No. 20), the entry of default (Docket Entry No. 13) was modified to vacate the entry of default against defendant Keating since he had filed an answer, and by separate order also entered on September 4, 2012 (Docket Entry No. 30), the plaintiff's motion for default judgment was modified to apply only to defendant Sapp, and a hearing on the plaintiff's motion for default judgment was scheduled on October 24, 2012. Defendant Sapp was given until October 4, 2012, to file a response to the plaintiff's motion for default judgment, and defendant Sapp was specifically advised that, if he wanted to contest the plaintiff's motion for default judgment, he must appear at the October 24, 2012, hearing and that his failure to respond to the motion and failure to the appear on October 24, 2012, would likely result in the entry of a default judgment against him.

Prior to the October 24, 2012, hearing, plaintiff's counsel filed a supplemental affidavit, describing the expenses incurred for which the plaintiff seeks judgment (Docket Entry No. 35-1).[2]

Defendant Sapp did not respond to the plaintiff's motion for default judgment, and no appearance was made by defendant Sapp or by anyone on his behalf on October 24, 2012. Defendant Sapp has made no filings before or since that time nor has he otherwise attempted to communicate with the Court in any form or fashion at any point in this case.

---

[2] On August 29, 2012, the Court noted that the plaintiff had not set out its expenses with any specificity in its original motion and accompanying filings.

## II. PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

In its motion for default judgment, the plaintiff sought a judgment against both defendants, jointly and severally, in the amount of $400,000.00, plus post-judgment interest, and attorneys fees and costs of collection in the amount of $21,915.80. However, the plaintiff now seeks such a judgment only against defendant Sapp.

In its complaint, the plaintiff sought a judgment against the defendants, jointly and severally, for $400,000.00, which is the principal amount of the plaintiff's loan to Alpha, LLC, for which the two defendants were guarantors.[3] The promissory note calls for payment of the $400,000.00 loan within 15 days and the complaint alleges that Alpha, LLC defaulted on the promissory note and then filed a petition for Bankruptcy protection so that the plaintiff was not able to pursue collection efforts against Alpha, LLC. The complaint also alleges that demands for payment were made to the defendant guarantors in January of 2012, see Docket Entry Nos. 1-4 and 1-5, but that neither of the defendant guarantors has made any payments on the note. Thus, the balance of $400,000.00 remains.

The promissory note provided that the borrower was responsible for any "costs, including attorneys fees, incurred by the Lender in collecting or attempting to collect this Note, whether by suit or otherwise," and the guaranty notes provided that the guarantors were responsible for "the costs and expenses of enforcing this Guaranty, including but not limited to, reasonable attorneys fees and court costs." Docket Entry Nos. 1-1, 1-2, at 1, and 1-3, at 1.

In support of its motion, plaintiff's filed two affidavits (Docket Entry Nos. 19-1 and 19-2), and a supplemental affidavit (Docket Entry No. 35-1).

---

[3] The promissory note for $400,000.00 was signed on November 4, 2009, by Mark Hemphill and defendant Ron Sapp, both of whom described themselves as the "Member and Manager" of Alpha, LLC. See Docket Entry No. 1-1. Guaranty notes were executed by defendant Sapp on November 6, 2009, and by defendant Keating on November 13, 2009. See Docket Entry Nos. 1-2 and 1-3.

# III. DISCUSSION

Defendant Sapp has had every opportunity to respond to the complaint, to participate in this litigation, and to respond to the plaintiff's motion for default judgment and to appear at the hearing on October 24, 2012. He failed to do so and default was properly entered against him pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

The plaintiff does not seek pre-judgment interest, and post-judgment interest will be imposed from the date of entry of the default judgment in accord with 18 U.S.C. § 1961.

At the hearing, plaintiff's counsel explained that the $21,915.80 request for fees and costs included $10,000.00, which was an estimate of the future costs to collect the default judgment against defendant Sapp in Oregon where he resides. While that may be an accurate estimate of the cost to the plaintiff to actually collect on any judgment and while the plaintiff may be able to reduce to a subsequent judgment further costs of collection, the plaintiff has not provided any authority for including potential future costs of collection in a default judgment, even though costs of collection are specifically provided in the promissory note and the guaranty notes. See Docket Entry Nos. 1-1, 1-2, at 1, and 1-3, at 1.

At the hearing, plaintiff's counsel advised that the costs, as listed in Docket Entry No. 35-1, include all costs related to both defendants. Although the $350.00 filing fee would have been the same whether there were one or two defendants, the Court found that the remainder of listed costs should be divided in half to attribute only one half of the costs to defendant Sapp, except that $60.00 in private process server fees should be attributable to defendant Sapp.[4] Thus, defendant Sapp should be responsible for $578.53 of the $747.05 in fees.

The plaintiff seeks a total of $11,168.75 in attorney and law clerk fees. The Court finds that the attorney and law clerk hourly rates are reasonable and the amount of time spent on this lawsuit and in prosecution of the plaintiff's claims against defendant Sapp are also reasonable.

---

[4] Although plaintiff's counsel advised at the hearing that the process server fees were $50.00 and $60.00, and he was not certain which fee related to which defendant, the record shows that the process server charged $60.00 for serving process on defendant Sapp. See Docket Entry No. 8.

At the hearing, plaintiff's counsel advised that the 4.25 hours spent by Brian F. Irving, a law clerk, was attributable to seeking default against both defendants. Therefore, the Court finds it reasonable to reduce the 4.25 hours by half. In addition, plaintiff's counsel explained that the 2.5 hours spent by Wyatt G. Sassman, the other law clerk, accounted for legal research related to the claims against both defendants, and of the 29.5 hours spent by plaintiff's counsel, only 2.5 hours was time related only to defendant Keating. Thus, the 29.5 hours of time spent by David G. Thompson, counsel for plaintiff, should be reduced by 2.5 hours.

Therefore, default judgment should include $9,450.00 in fees attributable to David G. Thompson for 27 hours at an hourly rate of $350.00; $265.00, attributable to Brian F. Irving for 2.12 hours at an hourly rate of $125.00, and $312.50 attributable to Wyatt G. Sassman for 2.5 hours at an hourly rate of $125.00, for a total of $10,027.50, in attorney's and law clerk fees.

Although defendant Sapp has failed to communicate in any form or fashion with the Court or with plaintiff's counsel and failed to oppose the plaintiff's motion for default judgment, the Court thoroughly reviewed the plaintiff's motion and pared down the plaintiff's requests as appropriate.

## IV. RECOMMENDATION

Based on the foregoing, it is respectfully RECOMMENDED that the plaintiff's motion for default judgment (Docket Entry No. 19) be GRANTED to the extent that the motion has since been modified to seek default judgment only against defendant Sapp, and that default judgment be entered against defendant Ron Sapp in the total amount of $410,606.03, which includes (1) the $400,000.00 principal on the loan on which he was a personal guarantor; (2) costs in the amount of $578.53; and (3) attorney and law clerk fees in the amount of $10,027.50.

The Court further recommends the following:

1.      That any order awarding a judgment in favor of the plaintiff should also include a provision that, in the event that defendant Sapp does not pay the full amount of the default judgment within 30 days of entry of the judgment, the plaintiff may amend the judgment to include attorney's

fees and costs associated with future collection efforts inasmuch as such expenses are specifically provided in the guaranty note signed by defendant Sapp; and

2.  That, in any such order, the Clerk be directed to stamp or otherwise indicate the current post-judgment interest rate on any order accepting this Report and Recommendation and entering default judgment against defendant Sapp.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of receipt of this notice, and must state with particularity the specific portions of this Report & Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's order. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

The Clerk is directed to mail a copy of this Report and Recommendation to defendant Sapp at 3074 Roxbury Ct., West Linn, Oregon 97068, by regular, first class mail and by certified mail, and to mail a copy of this Report and Recommendation to defendant Keating by regular, first class mail (only) at the address listed on the docket.

Respectfully Submitted,


JULIET GRIFFIN
United States Magistrate Judge